NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GESTURE TECHNOLOGY PARTNERS, LLC,**
*Appellant*

**v.**

**APPLE INC., LG ELECTRONICS INC., LG ELECTRONICS USA, INC., GOOGLE LLC,**
*Appellees*

---

2023-1463

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-00922, IPR2022-00090, IPR2022-00360.

---

Decided: January 27, 2025

---

ERIC CARR, Williams, Simons, and Landis PLLC, Austin, TX, argued for appellant. Also represented by MARK JOHN EDWARD MCCARTHY, FRED WILLIAMS; JOHN WITTENZELLNER, Philadelphia, PA.

JONAS WANG, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for all appellees. Appellee Apple Inc. also represented by MELANIE L. BOSTWICK; ELIZABETH MOULTON, San Francisco, CA; CLIFFORD T. BRAZEN, ADAM

PRESCOTT SEITZ, Erise IP, P.A., Overland Park, KS; PAUL R. HART, Denver, CO.

STANLEY JOSEPH PANIKOWSKI, III, DLA Piper LLP (US), San Diego, CA, for appellees LG Electronics Inc., LG Electronics USA, Inc. Also represented by MATTHEW D. SATCHWELL, Chicago, IL.

ERIKA ARNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, for appellee Google LLC. Also represented by DANIEL COOLEY, Reston, VA.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

In our companion opinion, *In re Gesture Tech. Partners, LLC,* No. 24-1037, slip op. at 2 (Fed. Cir. 2025) ("*In re Gesture*"), issued concurrently with this opinion, we affirm the Board's decision that claims 1–9, 11, 12, and 14–30 of U.S. Patent 8,553,079 ("the '079 patent") are unpatentable. All but two of those claims (*i.e.*, claims 10 and 13) overlap with the claims at issue in the underlying *inter partes* review proceeding of this appeal. Accordingly, for the reasons we explained in *Apple Inc. v. Voip-Pal.com, Inc.*, 976 F.3d 1316, 1321 (Fed. Cir. 2020), the appeal of those overlapping claims is rendered moot in light of our companion decision in *In re Gesture*.

We are left with claims 10 and 13, which depend from claim 1 and 11, respectively. The Board held claims 1, 2, 4–14, 17, 19, 21, 22, 24–28, 30 unpatentable as obvious over U.S. Patent 6,144,366 ("Numazaki"). Because Gesture does not independently address claim 10 or 13 on appeal, we do not either. The decision of the Board, holding those remaining claims unpatentable, is therefore affirmed.

Finally, Gesture argues that the Board lacked jurisdiction over this IPR proceeding because the '079 patent has expired. That issue has been resolved, and rejected, in the

separate opinion of *Apple Inc. v. Gesture Tech. Partners, LLC,* No. 23-1501, slip op. at 5–7 (Fed. Cir. 2025).

**AFFIRMED**